John T. Egley, Bar No. 232545
Shirin Forootan, Bar No. 260390
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
jegley@calljensen.com
sforootan@calljensen.com

Attorneys for Defendant Buckingham Property Management

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERRELL, individually, and on behalf of other members of the general public similarly situated; CHERYL BAKER, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>                    Plaintiffs,<br><br>          vs.<br><br>BUCKINGHAM PROPERTY MANAGEMENT, a California corporation; and DOES 1-100,<br><br>                    Defendants. | Case No.  1:19-at-187<br><br>**DEFENDANT BUCKINGHAM PROPERTY MANAGEMENT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>*[Filed Concurrently with Disclosure Statement Pursuant to FRCP 7.1, Notice of Interested Parties, and Declaration of John T. Egley]*<br><br><br><br>Complaint Filed:  August 8, 2014<br>Trial Date:         None Set |

BUC02-01:2396604_2:3-11-19

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant Buckingham Property Management ("Defendant") removes to the United States District Court for the Eastern District of California the state court action described below.   In accordance with 28 U.S.C. § 1446(a), Defendant submits the following short, plain statement of the grounds for removal.

## I.    <u>PLEADINGS, PROCESS, AND ORDERS</u>

      1.    On August 8, 2014, Plaintiff Kevin Ferrell ("Plaintiff") filed a complaint in Los Angeles County Superior Court naming Buckingham Property Management as Defendant and alleging ten causes of action for wage and hour violations, which was recently subsequently amended to include a claim under the federal Fair Labor Standards Act ("FLSA").   The Complaint is entitled *Kevin Ferrell, individually and on behalf of other members of the general public similarly situated*, and designated Los Angeles County Superior Court Case No. BC554213.   A true and correct copy of the initial Complaint is attached hereto as **Exhibit 1**.

      2.    On August 15, 2014, Plaintiff served on Defendant, through Defendant's agent for service of process: the Summons and Class Action Complaint; a Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Class Action Cases; and Voluntary Efficient Litigation Stipulations. True and correct copies of these documents are attached hereto as **Exhibits 2-5**.

      3.    On August 28, 2014, Plaintiff filed a Proof of Service of Summons and Complaint, a true and correct copy of which is attached hereto as **Exhibit 6**.

      4.    On September 29, 2014, Defendant filed its Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as **Exhibit 7**.

      5.    On October 14, 2014, Plaintiff served all parties with the Initial Status Conference Order and Court Order Regarding Newly Filed Class Action filed by the

- 2 -

DEFENDANT BUCKINGHAM PROPERTY MANAGEMENT'S NOTICE OF REMOVAL OF ACTION PURSUANT
TO 28 U.S.C. §§ 1331, 1441, AND 1446

CALL&
JENSEN

Court on August 26, 2014, a true and correct copy of which is attached hereto as **Exhibit 8**.

6.     On October 31, 2014, the parties filed a Joint Initial Status Conference Class Action Response Statement, a true and correct copy of which is attached hereto as **Exhibit 9**.

7.     On October 30, 2014 Call & Jensen, APC, filed a Notice of Appearance on behalf of Defendant Buckingham Property Management, a true and correct copy of which is attached hereto as **Exhibit 10**.

8.     On October 31, 2014, Defendant filed a Substitution of Attorney, substituting John T. Egley of Call & Jensen in place of Paul C. Franco, a true and correct copy of which is attached hereto as **Exhibit 11**.

9.      On October 31, 2014, Defendant filed a Substitution of Attorney, substituting John T. Egley of Call & Jensen in place of Aimee N. Kircher, a true and correct copy of which is attached hereto as **Exhibit 12**.

10.     On November 7, 2014, the Court issued a Case Management Order, a true and correct copy of which is attached hereto as **Exhibit 13**.

11.     On November 17, 2014, Plaintiff filed a Notice Regarding the Initial Status Conference and attaching the Court's Case Management Order, a true and correct copy of which is attached hereto as **Exhibit 14**.

12.     On November 19, 2014, the parties filed a Stipulation and [Proposed] Order to Transfer Venue from the Los Angeles County Superior Court to the Fresno County Superior Court, a true and correct copy of which is attached hereto as **Exhibit 15**.

13.     On December 4, 2014, The Court ordered the case transferred to the Fresno County Superior Court, a true and correct copy of the Court's Order is attached hereto as **Exhibit 16**.

14.     On December 5, 2014, Defendant Buckingham Property Management filed its Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto

as **Exhibit 17**.

15.     On December 24, 2014, the Court filed a Notice of Outgoing Transfer, a true and correct copy of which is attached hereto as **Exhibit 18**.

16.     On February 2, 2015, Fresno County Superior Court filed a Notice of Case Management Conference and Assignment of Judge for all Purposes, a true and correct copy of which is attached hereto as **Exhibit 19**.

17.     On February 17, 2015, the parties filed a Joint Case Management Statement, a true and correct copy of which is attached hereto as **Exhibit 20**.

18.     On February 18, 2015, the case was assigned to Judge Alan Simpson for all purposes, a true and correct copy of the Court's Notice is attached hereto as **Exhibit 21**.

19.     On February 23, 2015, the Court filed an Order Designating the Case as Provisionally Complex and Requiring all Parties to Meet and Confer and File Joint Status Report, a true and correct copy of which is attached hereto as **Exhibit 22**.

20.     On May 22, 2015 the parties filed a Joint Status Report, a true and correct copy of which is attached hereto as **Exhibit 23**.

21.     On June 5, 2015, the Court issued a Minute Order setting a Status Conference for November 3, 2015, a true and correct copy of which is attached hereto as **Exhibit 24**.

22.     On November 3, 2015, the Court issued a Minute Order continuing the Status Conference to September 20, 2016, a true and correct copy of which is attached hereto as **Exhibit 25**.

23.     On February 17, 2016, the parties filed a Joint Notice of Class Action Settlement, a true and correct copy of which is attached hereto as **Exhibit 26**.

24.     On September 13, 2016, the parties filed a Joint Status Conference Statement, a true and correct copy of which is attached hereto as **Exhibit 27**.

25.     On September 20, 2016, the Court issued a Minute Order continuing the Status Conference to April 4, 2017, a true and correct copy of which is attached hereto

DEFENDANT BUCKINGHAM PROPERTY MANAGEMENT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

1    as **Exhibit 28**.

2       26.    On February 22, 2017, Plaintiff filed a Notice of Motion and Motion for

3    Preliminary Approval of Class Action Settlement and supporting documents, true and

4    correct copies of which is attached hereto as **Exhibit 29**.

5       27.    On March 7, 2017, Plaintiff filed a Notice of Errata and Correction to

6    Plaintiff's Notice of Motion for Preliminary Approval of Class Action Settlement, a true

7    and correct copy of which is attached hereto as **Exhibit 30**.

8       28.    On May 9, 2017, the Court issued a Minute Order denying the Motion for

9    Preliminary Approval of Class Action Settlement and setting a hearing for a contested

10   class certification motion for September 14, 2017, a true and correct copy of which is

11   attached hereto as **Exhibit 31**.

12      29.    On August 18, 2017, the parties filed a Joint Stipulation to Vacate or

13   Continue Hearing Date for a Contested Class Certification Motion and Proposed Order

14   Thereon, a true and correct copy of which is attached hereto as **Exhibit 32**.

15      30.    On January 2, 2018, the parties filed a Joint Stipulation to Vacate or

16   Continue Hearing Date for a Contested Class Certification Motion and Proposed Order

17   Thereon, a true and correct copy of which is attached hereto as **Exhibit 33**.

18      31.    On May 8, 2018, the parties filed a Joint Stipulation Shortening Time for

19   Plaintiff to File and Serve the Unopposed Renewed Motion for Preliminary Approval of

20   Class Action Settlement and Conditional Class Certification, a true and correct copy of

21   which is attached hereto as **Exhibit 34**.

22      32.    On May 9, 2018, the Court issued a Notice of Assignment of Judge for all

23   Purposes, assigning the case to Judge Kimberly Gaab for all purposes, a true and correct

24   copy of which is attached hereto as **Exhibit 35**.

25      33.    On May 18, 2018, Plaintiff's filed a Notice of Motion and Unopposed

26   Renewed Motion for Preliminary Approval of Class Action Settlement and Conditional

27   Class Certification and supporting documents, true and correct copies of which are

28   attached hereto as **Exhibit 36**.

34.     On June 19, 2018, the Court issued a Minute Order denying Plaintiff's Motion for Preliminary Approval of Class Action Settlement and setting a hearing for a contested motion for class certification and trial setting conference on September 19, 2018, a true and correct copy of which is attached hereto as **Exhibit 37**.

35.     On August 14, 2018, the parties filed a Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial, a true and correct copy of which is attached hereto as **Exhibit 38**.

36.     On November 16, 2018, the parties filed a Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial, a true and correct copy of which is attached hereto as **Exhibit 39**.

37.     On January 24, 2019, the parties filed a Joint Stipulation Granting Plaintiff Leave to File a First Amended Complaint and Continuing Motion for Class Certification and Trial Setting Conference, a true and correct copy of which is attached hereto as **Exhibit 40**.

38.     On February 26, 2019, the Court issued a Minute Order Granting Plaintiff Leave to File a First Amended Complaint, and Continuing Motion for Class Certification and Trial Setting Conference to May 21, 2019, a true and correct copy of which is attached hereto as **Exhibit 41**.

39.     On March 5, 2019, Plaintiff filed a First Amended Complaint in the California Superior Court, for the County of Fresno, a true and correct copy of which is attached hereto as **Exhibit 42**.

40.     On March 6, 2019 Defendant Buckingham Property Management filed its Answer to Plaintiffs' First Amended Complaint, a true and correct copy of which is attached hereto as **Exhibit 43**.

41.     As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action.  (Declaration of John T.

CALL & JENSEN

Egley ("Egley Decl."), ¶ 42.)

42.   The documents attached hereto as Exhibits 1 through 43 constitute all of the pleadings and process that have been filed or received by Defendant in this action. The attachments satisfy the requirements of 28 U.S.C. section 1446(a). To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Fresno County Superior Court or served by any party other than as described above. (Egley Decl., ¶ 43.)

## II.    VENUE

7.   This action was transferred to Fresno County Superior Court.   Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(b), 1391(b), and 1446(a).

## III.    TIMELINESS OF REMOVAL

8.   This Notice of Removal is timely filed as it is filed within thirty (30) days of March 5, 2019, the date of service of the First-Amended Complaint.   28 U.S.C. § 1446(b).

## IV.    THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION BECAUSE IT RAISES A FEDERAL QUESTION

9.   This Court has jurisdiction over this Action pursuant to 28 U.S.C. §§1331 and 1441.  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9.   Under the jurisdiction granted to federal district courts under 28 U.S.C. § 1331, otherwise known as federal question jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case arises under federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates

the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (internal quotation marks, brackets, and ellipsis omitted).

10.    Here, the First-Amended Complaint alleges that Defendant violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*  (*See* First-Amended Complaint, at ¶¶ 18-23, 146-158.)  Plaintiff alleges she was an employee of Defendant as that term is defined under the FLSA and that Defendant failed to pay her in accordance with the minimum wage and overtime requirements set forth under the FLSA.  (*Id.* at ¶ 23).  She further alleges that throughout her employment, Buckingham had a policy and practice of "willfully and unlawfully failing to pay wages, without abatement or reduction, due for all hours worked, including and not limited to, minimum wages and overtime wages [in violation of the FLSA]."  (*Id.* at ¶¶ 23, 248, 154).  Plaintiff's twelfth and thirteenth causes of action are brought under the FLSA for unpaid overtime and unpaid minimum wage and she seeks liquidated damages pursuant to 29 U.S.C. §216(b) in her prayer for relief.  Consequently, Plaintiff's First Amended Complaint raises a federal question and the Court has subject matter jurisdiction over this Action.

## V.    THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE REMAINING CAUSES OF ACTION

11.    Absent limited exceptions not applicable here, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

12.    "A state law claim is part of the same case or controversy when it shares a common nucleus of operative facts with the federal claims and the state and federal claims would normally be tried together."  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (internal quotation marks omitted).  "The Supreme Court has

emphasized that '§1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction' and cautioned against fashioning limitations on that grant without support in the statutory text." *United States v. Park Place Assoc., Ltd.*, 563 F.3d 907, 933 (9th Cir. 2009) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005)).

13.   The Court has supplemental jurisdiction over the remaining causes of action under § 1367(a) because, as noted in the Complaint's reincorporation allegations, all of Plaintiff's causes of action are premised on the same factual background, which include allegations arising under the FLSA, and (2) the Court has federal question jurisdiction over Plaintiff's twelfth and thirteenth (FLSA) causes of action. (*See* First-Amended Complaint at ¶¶ 18-23, 146-158.)  To elaborate further, the remaining claims are all part of the same case and inextricably intertwined because they all involve Defendant's alleged failure to pay wages, and an alleged policy to violate the FLSA.

For example, Plaintiff's state law claims for unpaid overtime (first cause of action), unpaid minimum wages (fourth cause of action), unpaid final wages (fifth cause of action), wages not timely paid during employment (sixth cause of action), failure to keep accurate payroll records (eighth cause of action), unpaid reporting time pay (ninth cause of action), and penalties under the Private Attorneys General Act (fourteenth cause of action), are all premised on the same factual allegations asserted in the FLSA claims—failure to pay minimum and overtime wages for all hours worked. (*See* First-Amended Complaint at ¶¶ 39-40.)  Even Plaintiff's claims for meal and rest period premiums (second and third causes of action) are premised on a failure to pay for missed, late, short, and/or interrupted meal periods and rest breaks caused by off-the-clock work.  (*See* First-Amended Complaint at ¶¶ 39-41.)  In other words, the meal and rest period claims are part and parcel of the alleged FLSA wage violation claims. *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal. 4th 1094, 1102-1103 (2007) (holding premiums for employer's failure to provide meal and rest periods constitute

wages).

In addition, Plaintiff's wage statement claim (seventh cause of action) is derivative of all other claims. *See Porch v. Masterfoods USA, Inc.*, 685 F. Supp. 2d 1058, 1075 (C.D. Cal. 2008) (alleged wage statement violation under California Labor Code section 226 derivative of other wage and hour claims). Plaintiff's wage statement claim is based on Defendant's alleged failure to reflect all time worked resulting from Plaintiff's alleged off-the-clock work (including all overtime worked), which is the basis of the FLSA claims, and necessarily includes meal and rest period claims due to time allegedly worked during meal and rest periods.

Similarly, Plaintiff's eleventh cause of action for alleged violation of California Business & Professions Code sections 17200, *et seq.,* is also derivative of underlying wage claims. *See, e.g., White v. Starbucks Corp*., 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007) (dismissing claims under Section 17200 because they are "derivative" of underlying wage claims for which summary judgment granted).

As for Plaintiff's reimbursement claim (tenth cause of action), Plaintiff alleges that Plaintiff and other class members were required to run work-related errands while following dress code (*see* ¶ 137 of First-Amended Complaint)—which is essentially the same factual premise for Plaintiff's off-the-clock wage claims, *i.e.*, that Defendant allegedly required Plaintiff and class members to perform work duties such as running errands during breaks and while off-the-clock (*id.* at ¶¶ 40, 80, 90). The wage and reimbursement claims, therefore, share a common nucleus of operative facts are part of the same case or controversy such that they would normally be tried together. Indeed, other federal courts have exercised supplemental jurisdiction over reimbursement claims in wage and hour cases. *See, e.g., Rojas v. Zaninovich,* 2015 WL 3657172, at *36 (E.D. Cal. June 11, 2015) (finding the court has original jurisdiction over the federal law claims, including an FLSA claim, and supplemental jurisdiction over the state-law claims, including a Labor Code section 2802 claim, given they arise from the same alleged transactions and occurrences as the federal-law claims); *Juarez v. Villafan,*

DEFENDANT BUCKINGHAM PROPERTY MANAGEMENT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

1  2017 WL 6629529, *3 (E.D. Cal. Dec. 29, 2017) (same).

2      Wage and hour claims filed by plaintiffs commonly include FLSA claims and

3  related state law claims such as failure to provide meal and rest periods such that

4  Plaintiff's state law claims do not involve any novel or complex issue of state law, do

5  not substantially predominate over Plaintiff's FLSA causes of action, and would not

6  result in some exceptional or compelling circumstances for this Court to decline

7  jurisdiction.  28 U.S.C. § 1367(c).

8  ### VI.   NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

9      14.   Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of

10  Removal, Defendant will give written notice of this pleading to counsel for Plaintiff and

11  will file a copy of this Notice with the Superior Court of the State of California for the

12  County of Fresno.

13  ### VII.   CONCLUSION AND REQUESTED RELIEF

14      15.   Wherefore, Defendant prays that the Court remove this civil action from

15  the Superior Court of the State of California, County of Fresno, to the United States

16  District Court for the Eastern District of California and proceed with this matter as if it

17  had been originally filed herein.

18

19  Dated:  March 11, 2019          CALL & JENSEN

20                        A Professional Corporation

                      John T. Egley

21                        Shirin Forootan

22

23                    By: */s/ John T. Egley*

                      John T. Egley

24                    Attorneys for Defendant Buckingham Property

25                    Management

26

27

28