# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

AUG 08 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

BUCKINGHAM PROPERTY MANAGEMENT, a California
corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

KEVIN FERRELL; individually, and on behalf of other members of the
general public similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) State of California | (Número del Caso:) BC 5 5 4 2 1 3 |

Superior Court for the County of Los Angeles
Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Edwin Aiwazian; 410 Arden Ave., Ste. 203, Glendale, CA 91203; Telephone: (818) 265-1020

| DATE: | SHERRI R. CARTER | Clerk, by | Judi Lara | , Deputy |
|---|---|---|---|---|
| (Fecha) | | (Secretario) | | (Adjunto) |

AUG 08 2014

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

AUG 08 2014

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Buckingham Property Management, A California Corporation.

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

LAWYERS *for* JUSTICE, PC
Edwin Aiwazian (SBN 232943)
edwin@LFJPC.com
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

PROTECTION LAW GROUP LLP
Eric A. Boyajian (SBN 236335)
Amir Nayebdadash (SBN 232204)
Heather Davis (SBN 239372)
136 Main Street, Suite A
El Segundo, California 90245
Tel: (424) 290-3095 / Fax: (866) 264-7880

*Attorneys for* Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 0 8 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

KEVIN FERRELL; individually, and on behalf of other members of the general public similarly situated;

        Plaintiff,

    vs.

BUCKINGHAM PROPERTY MANAGEMENT, a California corporation; and DOES 1 through 100, inclusive,

        Defendants.

Case No.: **BC 5 5 4 2 1 3**

CLASS ACTION COMPLAINT FOR DAMAGES

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**



CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL.

COMES NOW, Plaintiff KEVIN FERRELL ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, County of Los Angeles.  The majority of the acts and omissions alleged herein relating to Plaintiff took place in the State of California.  Defendants employed Plaintiff within the State of California.

## PARTIES

5.     Plaintiff KEVIN FERRELL is an individual residing in the State of California.

///

2

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6. Defendant BUCKINGHAM PROPERTY MANAGEMENT, at all times herein mentioned, was and is, upon information and belief, a California corporation, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7. At all relevant times, Defendant BUCKINGHAM PROPERTY MANAGEMENT was the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

8. At all times herein relevant, Defendants BUCKINGHAM PROPERTY MANAGEMENT, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10. Defendant BUCKINGHAM PROPERTY MANAGEMENT and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

1    11.    Plaintiff further alleges that Defendants, directly or indirectly controlled

2   or affected the working conditions, wages, working hours, and conditions of

3   employment of Plaintiff and the other class members so as to make each of said

4   defendants employers and employers liable under the statutory provisions set forth

5   herein.

**CLASS ACTION ALLEGATIONS**

6

7    12.    Plaintiff brings this action on his own behalf and on behalf of all other

8   members of the general public similarly situated, and, thus, seeks class certification

9   under Code of Civil Procedure section 382.

10    13.    The proposed class is defined as follows:

11       All current and former California-based non-exempt individuals employed

12       by Defendants within the State of California at any time during the period

13       from four years preceding the filing of this Complaint to final judgment.

14    14.    Plaintiff reserves the right to establish subclasses as appropriate.

15    15.    The class is ascertainable and there is a well-defined community of

16   interest in the litigation:

17      a.    <u>Numerosity</u>: The class members are so numerous that joinder of all

18         class members is impracticable.  The membership of the entire

19         class is unknown to Plaintiff at this time; however, the class is

20         estimated to be greater than fifty (50) individuals and the identity

21         of such membership is readily ascertainable by inspection of

22         Defendants' employment records.

23      b.    <u>Typicality</u>: Plaintiff's claims are typical of all other class members'

24         as demonstrated herein.  Plaintiff will fairly and adequately protect

25         the interests of the other class members with whom he has a well-

26         defined community of interest.

27   ///

28   ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

b.      Whether Defendants' had a corporate policy and practice of failing to pay their non-exempt employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

c.      Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.      Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.      Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.      Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.      Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.      Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.      Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.      Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.      Whether Defendants' conduct was willful or reckless;

///

6

1         l.    Whether Defendants engaged in unfair business practices in

2              violation of California Business & Professions Code section

3              17200, et seq.;

4         m.   The appropriate amount of damages, restitution, and/or monetary

5              penalties resulting from Defendants' violation of California law;

6              and

7         n.    Whether Plaintiff and the other class members are entitled to

8              compensatory damages pursuant to the California Labor Code.

9                   **<u>GENERAL ALLEGATIONS</u>**

10     17.    At all relevant times set forth herein, Defendants employed Plaintiff and

11 other persons as non-exempt employees within the State of California, including the

12 County of Los Angeles.

13     18.    Defendants, jointly and severally, employed Plaintiff as a non-exempt

14 employee from approximately November 2011 to approximately August 2012, in the

15 State of California, County of Los Angeles.

16     19.    Defendants hired Plaintiff and the other class members and classified

17 them non-exempt employees, and failed to compensate them for all hours worked,

18 missed meal periods and/or rest breaks.

19     20.    Defendants had the authority to hire and terminate Plaintiff and the other

20 class members; to set work rules and conditions governing Plaintiff's and the other

21 class members' employment; and to supervise their daily employment activities.

22     21.    Defendants exercised sufficient authority over the terms and conditions of

23 Plaintiff's and the other class members' employment for them to be joint employers of

24 Plaintiff and the other class members.

25     22.    Defendants directly hired and paid wages and benefits to Plaintiff and the

26 other class members.

27     23.    Defendants continue to employ non-exempt employees within the State of

28 California.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

24.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their non-exempt employees within the State of California.  This scheme involved, *inter alia*, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

1 │ missed.

2 │      30.    Plaintiff is informed and believes, and based thereon alleges, that

3 │ Defendants knew or should have known that Plaintiff and the other class members were

4 │ entitled to receive at least minimum wages for compensation and that they were not

5 │ receiving at least minimum wages for all hours worked.

6 │      31.    Plaintiff is informed and believes, and based thereon alleges, that

7 │ Defendants knew or should have known that Plaintiff and the other class members were

8 │ entitled to receive all wages owed to them upon discharge or resignation, including

9 │ overtime and minimum wages and meal and rest period premiums, and they did not, in

10 │ fact, receive all such wages owed to them at the time of their discharge or resignation.

11 │      32.    Plaintiff is informed and believes, and based thereon alleges, that

12 │ Defendants knew or should have known that Plaintiff and the other class members were

13 │ entitled to receive all wages owed to them during their employment.  Plaintiff and the

14 │ other class members did not receive payment of all wages, including overtime and

15 │ minimum wages and meal and rest period premiums, within any time permissible under

16 │ California Labor Code section 204.

17 │      33.    Plaintiff is informed and believes, and based thereon alleges, that

18 │ Defendants knew or should have known that Plaintiff and the other class members were

19 │ entitled to receive complete and accurate wage statements in accordance with California

20 │ law, but, in fact, they did not receive complete and accurate wage statements from

21 │ Defendants.  The deficiencies included, *inter alia*, the failure to include the total

22 │ number of hours worked by Plaintiff and the other class members.

23 │      34.    Plaintiff is informed and believes, and based thereon alleges, that

24 │ Defendants knew or should have known that Defendants had to keep complete and

25 │ accurate payroll records for Plaintiff and the other class members in accordance with

26 │ California law, but, in fact, did not keep complete and accurate payroll records.

27 │ ///

28 │ ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

37.    At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

38.    At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

39.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

40.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

41.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

42.    At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

43.    At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

44.    At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

45.    At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

46.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

### FIRST CAUSE OF ACTION

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against BUCKINGHAM PROPERTY MANAGEMENT**

**and DOES 1 through 100)**

47.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

49.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

50.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

51.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and no overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

52.    During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

53.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

54.    Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

55.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against BUCKINGHAM PROPERTY MANAGEMENT

### and DOES 1 through 100)

56.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55, and each and every part thereof with the same force and effect as though fully set forth herein.

57.    At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

///

12

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

58.   At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

59.   At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

60.   At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.   During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

62.   During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

///

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

13

63.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

64.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

65.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

66.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against BUCKINGHAM PROPERTY MANAGEMENT**

**and DOES 1 through 100)**

67.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66, and each and every part thereof with the same force and effect as though fully set forth herein.

68.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

69.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

70.   At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

71.   During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

72.   During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

73.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

74.   Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

75.   Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///
///
///
///
///
///

15

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# FOURTH CAUSE OF ACTION

## (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

## (Against BUCKINGHAM PROPERTY MANAGEMENT

## and DOES 1 through 100)

76.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.   At all relevant times, California Labor Code sections 11194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

78.   During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 11194, 1197, and 1197.1.

79.   Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.   Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

81.   Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

16

### FIFTH CAUSE OF ACTION

(Violation of California Labor Code §§ 201 and 202)

### (Against BUCKINGHAM PROPERTY MANAGEMENT

### and DOES 1 through 100)

82.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same for and effect as though fully set forth herein.

83.   At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.   During the relevant time period, Defendants intentionally and willfully failed to pay the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

85.   Defendants' failure to pay the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

86.   California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

1    87.    The other class members are entitled to recover from Defendants the

2    statutory penalty wages for each day they were not paid, up to a thirty (30) day

3    maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

**(Violation of California Labor Code § 204)**

**(Against BUCKINGHAM PROPERTY MANAGEMENT**

**and DOES 1 through 100)**

8    88.    Plaintiff incorporates by reference the allegations contained in paragraphs

9    1 through 87, and each and every part thereof with the same force and effect as though

10    fully set forth herein.

11    89.    At all times herein set forth, California Labor Code section 204 provides

12    that all wages earned by any person in any employment between the 1st and 15th days,

13    inclusive, of any calendar month, other than those wages due upon termination of an

14    employee, are due and payable between the 16th and the 26th day of the month during

15    which the labor was performed.

16    90.    At all times herein set forth, California Labor Code section 204 provides

17    that all wages earned by any person in any employment between the 16th and the last

18    day, inclusive, of any calendar month, other than those wages due upon termination of

19    an employee, are due and payable between the 1st and the 10th day of the following

20    month.

21    91.    At all times herein set forth, California Labor Code section 204 provides

22    that all wages earned for labor in excess of the normal work period shall be paid no

23    later than the payday for the next regular payroll period.

24    92.    During the relevant time period, Defendants intentionally and willfully

25    failed to pay Plaintiff and the other class members all wages due to them, within any

26    time period permissible under California Labor Code section 204.

27    93.    Plaintiff and the other class members are entitled to recover all remedies

28    available for violations of California Labor Code section 204.

18

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
430 West Arden Avenue, Suite 203
Glendale, California 91203

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against BUCKINGHAM PROPERTY MANAGEMENT

### and DOES 1 through 100)

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

96.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but is not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

///

///

19

97.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

98.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

99,    Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

100.    Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against BUCKINGHAM PROPERTY MANAGEMENT

### and DOES 1 through 100)

101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the

20

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   commission, but in any case shall be kept on file for not less than two years.

2       103.   Defendants have intentionally and willfully failed to keep accurate and

3   complete payroll records showing the hours worked daily and the wages paid, to

4   Plaintiff and the other class members.

5       104.   As a result of Defendants' violation of California Labor Code section

6   1174(d), Plaintiff and the other class members have suffered injury and damage to their

7   statutorily-protected rights.

8       105.   More specifically, Plaintiff and the other class members have been injured

9   by Defendants' intentional and willful violation of California Labor Code section

10  1174(d) because they were denied both their legal right and protected interest, in having

11  available, accurate and complete payroll records pursuant to California Labor Code

12  section 1174(d).

13              **NINTH CAUSE OF ACTION**

14      **(Violation of California Labor Code §§ 2800 and 2802)**

15      **(Against BUCKINGHAM PROPERTY MANAGEMENT**

16              **and DOES 1 through 100)**

17      106.   Plaintiff incorporates by reference the allegations contained in

18  paragraphs 1 through 105, and each and every part thereof with the same force and

19  effect as though fully set forth herein.

20      107.   Pursuant to California Labor Code sections 2800 and 2802, an employer

21  must reimburse its employee for all necessary expenditures incurred by the employee in

22  direct consequence of the discharge of his or her job duties or in direct consequence of

23  his or her job duties or in direct consequence of his or her obedience to the directions of

24  the employer.

25      108.   Plaintiff and the other class members incurred necessary business-related

26  expenses and costs that were not fully reimbursed by Defendants.

27  ///

28  ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

1       109.  Defendants have intentionally and willfully failed to reimburse class

2   members for all necessary business-related expenses and costs. Class members are

3   entitled to recover from Defendants their business-related expenses and costs incurred

4   during the course and scope of their employment, plus interest accrued from the date on

5   which the employee incurred the necessary expenditures at the same rate as judgments

6   in civil actions in the State of California.

7   **TENTH CAUSE OF ACTION**

8   **(Violation of California Business & Professions Code §§ 17200, et seq.)**

9   **(Against BUCKINGHAM PROPERTY MANAGEMENT**

10  **and DOES 1 through 100)**

11      110.  Plaintiff incorporates by reference the allegations contained in paragraphs

12  1 through 109, and each and every part thereof with the same force and effect as though

13  fully set forth herein.

14      111.  Defendants' conduct, as alleged herein, has been, and continues to be,

15  unfair, unlawful and harmful to Plaintiff, other class members, to the general public,

16  and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights

17  affecting the public interest within the meaning of Code of Civil Procedure section

18  1021.5.

19      112.  Defendants' activities as alleged herein are violations of California law,

20  and constitute unlawful business acts and practices in violation of California Business

21  & Professions Code section 17200, et seq.

22      113.  A violation of California Business & Professions Code section 17200, et

23  seq. may be predicated on the violation of any state or federal law.  In this instant case,

24  Defendants' policies and practices of requiring employees, including Plaintiff and the

25  other class members, to work overtime without paying them proper compensation

26  violate California Labor Code sections 510 and 1198.  Additionally, Defendants'

27  policies and practices of requiring employees, including Plaintiff and the other class

28  members, to work through their meal and rest periods without paying them proper

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 | compensation violate California Labor Code sections 226.7 and 512(a).  Moreover,

2 | Defendants' policies and practices of failing to timely pay wages to Plaintiff and the

3 | other class members violate California Labor Code sections 201, 202 and 204.

4 | Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

5 |      114.   As a result of the herein described violations of California law,

6 | Defendants unlawfully gained an unfair advantage over other businesses.

7 |      115.   Plaintiff and the other class members have been personally injured by

8 | Defendants' unlawful business acts and practices as alleged herein, including but not

9 | necessarily limited to the loss of money and/or property.

10 |      116.   Pursuant to California Business & Professions Code sections 17200, et

11 | seq., Plaintiff and the other class members are entitled to restitution of the wages

12 | withheld and retained by Defendants during a period that commences four years prior to

13 | the filing of this Complaint; an award of attorneys' fees pursuant to California Code of

14 | Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

16 |      Plaintiff, individually, and on behalf of other members of the general public

17 | similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

19 |      WHEREFORE, Plaintiff, individually and on behalf of all other members of the

20 | general public similarly situated, prays for relief and judgment against Defendants,

21 | jointly and severally, as follows:

### Class Certification

23 | 1.     That this action be certified as a class action;

24 | 2.     That Plaintiff be appointed as the representative of the Class;

25 | 3.     That counsel for Plaintiff be appointed as Class Counsel; and

26 | 4.     That Defendants provide to Class Counsel immediately the names and

27 | most current/last known contact information (address, e-mail and telephone

28 | numbers) of all class members.

23

1

### As to the First Cause of Action

2      5.      That the Court declare, adjudge and decree that Defendants violated

3  California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by

4  willfully failing to pay all overtime wages due to Plaintiff and the other class members;

5      6.      For general unpaid wages at overtime wage rates and such general and

6  special damages as may be appropriate;

7      7.      For pre-judgment interest on any unpaid overtime compensation

8  commencing from the date such amounts were due;

9      8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

10  California Labor Code section 1194; and

11      9.      For such other and further relief as the court may deem just and proper.

12

### As to the Second Cause of Action

13      10.      That the Court declare, adjudge and decree that Defendants violated

14  California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by

15  willfully failing to provide all meal periods (including second meal periods) to Plaintiff

16  and the other class members;

17      11.      That the Court make an award to Plaintiff and the other class members of

18  one (1) hour of pay at each employee's regular rate of compensation for each workday

19  that a meal period was not provided;

20      12.      For all actual, consequential, and incidental losses and damages,

21  according to proof;

22      13.      For premium wages pursuant to California Labor Code section 226.7(b);

23      14.      For pre-judgment interest on any unpaid wages from the date such

24  amounts were due;

25      15.      For reasonable attorneys' fees and costs of suit incurred herein; and

26      16.      For such other and further relief as the court may deem just and proper.

27  ///

28  ///

24

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1                  **As to the Third Cause of Action**

2         17.    That the Court declare, adjudge and decree that Defendants violated

3 California Labor Code section 226.7 and applicable IWC Wage Orders by willfully

4 failing to provide all rest periods to Plaintiff and the other class members;

5         18.    That the Court make an award to Plaintiff and the other class members of

6 one (1) hour of pay at each employee's regular rate of compensation for each workday

7 that a rest period was not provided;

8         19.    For all actual, consequential, and incidental losses and damages,

9 according to proof;

10         20.    For premium wages pursuant to California Labor Code section 226.7(b);

11         21.    For pre-judgment interest on any unpaid wages from the date such

12 amounts were due; and

13         22.    For such other and further relief as the court may deem just and proper.

14                  **As to the Fourth Cause of Action**

15         23.    That the Court declare, adjudge and decree that Defendants violated

16 California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay

17 minimum wages to Plaintiff and the other class members;

18         24.    For general unpaid wages and such general and special damages as may

19 be appropriate;

20         25.    For statutory wage penalties pursuant to California Labor Code section

21 1197.1 for Plaintiff and the other class members in the amount as may be established

22 according to proof at trial;

23         26.    For pre-judgment interest on any unpaid compensation from the date such

24 amounts were due;

25         27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26 California Labor Code section 1194(a);

27         28.    For liquidated damages pursuant to California Labor Code section 1194.2;

28 and

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

25

1   29.   For such other and further relief as the court may deem just and proper.

2   **As to the Fifth Cause of Action**

3   30.   That the Court declare, adjudge and decree that Defendants violated

4   California Labor Code sections 201, 202, and 203 by willfully failing to pay all

5   compensation owed at the time of termination of the employment of the other class

6   members no longer employed by Defendants;

7   31.   For all actual, consequential, and incidental losses and damages,

8   according to proof;

9   32.   For statutory wage penalties pursuant to California Labor Code section

10   203 for the other class members who have left Defendants' employ;

11   33.   For pre-judgment interest on any unpaid compensation from the date such

12   amounts were due; and

13   34.   For such other and further relief as the court may deem just and proper.

14   **As to the Sixth Cause of Action**

15   35.   That the Court declare, adjudge and decree that Defendants violated

16   California Labor Code section 204 by willfully failing to pay all compensation owed at

17   the time required by  California Labor Code section 204 to Plaintiff and the other class

18   members;

19   36.   For all actual, consequential, and incidental losses and damages,

20   according to proof;

21   37.   For pre-judgment interest on any unpaid compensation from the date such

22   amounts were due; and

23   38.   For such other and further relief as the court may deem just and proper.

24   **As to the Seventh Cause of Action**

25   39.   That the Court declare, adjudge and decree that Defendants violated the

26   record keeping provisions of California Labor Code section 226(a) and applicable IWC

27   Wage Orders as to Plaintiff and the other class members, and willfully failed to provide

28   accurate itemized wage statements thereto;

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

26

1    40.    For actual, consequential and incidental losses and damages, according to
2  proof;
3    41.    For statutory penalties pursuant to California Labor Code section 226(e);
4    42.    For injunctive relief to ensure compliance with this section, pursuant to
5  California Labor Code section 226(g); and
6    43.    For such other and further relief as the court may deem just and proper.
7                          **As to the Eighth Cause of Action**
8    44.    That the Court declare, adjudge and decree that Defendants violated
9  California Labor Code section 1174(d) by willfully failing to keep accurate and
10  complete payroll records for Plaintiff and the other class members as required by
11  California Labor Code section 1174(d) ;
12    45.    For actual, consequential and incidental losses and damages, according to
13  proof;
14    46.    For statutory penalties pursuant to California Labor Code section 1174.5;
15  and
16    47.    For such other and further relief as the court may deem just and proper.
17                          **As to the Ninth Cause of Action**
18    48.    That the Court declare, adjudge and decree that Defendants violated
19  California Labor Code sections 2800 and 2802 by willfully failing to reimburse
20  Plaintiff the other class members for all necessary business-related expenses as required
21  by California Labor Code sections 2800 and 2802;
22    49.    For actual, consequential and incidental losses and damages, according to
23  proof;
24    50.    For the imposition of civil penalties and/or statutory penalties;
25    51.    For reasonable attorneys' fees and costs of suit incurred herein; and
26    52.    For such other and further relief as the court may deem just and proper.
27  ///
28  ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Tenth Cause of Action

53.  That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

54.  For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

55.  For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.  For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.  For such other and further relief as the court may deem just and proper.

Dated: August 7, 2014                    L A W Y E R S *for* J U S T I C E, PC

By: _____
                    Edwin Aiwazian
                    *Attorneys for* Plaintiff

28