UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERRELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BUCKINGHAM PROPERTY MANAGEMENT,<br><br>    Defendant. | Case No. 1:19-cv-00332-NONE-SAB<br><br>ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING AND DOCUMENTATION RE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>(Doc. Nos. 19, 24)<br><br>***THIRTY DAY DEADLINE*** |

    On November 25, 2019, Plaintiffs filed a motion for preliminary approval of a class action settlement in this action. (Doc. No. 19.) On January 21, 2020, the magistrate judge issued findings and recommendations recommending the granting of the motion for preliminary approval and certifying the class for settlement purposes. (Doc. No. 24.) The findings and recommendations were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days from the date of service. No objections have been filed.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court orders the parties to file supplemental briefing and documentation addressing the following issues:

    1.    Additional documentation supporting the valuation of each of plaintiffs' claims,

1

       including how the parties initially arrived at the potential value of each claim (before discounts);

2. The reasonableness of an award of attorneys' fees in an amount up to 35% of the Settlement Fund under the circumstances of this case and in light of the results obtained;

3. An estimate of plaintiffs' attorneys' fees if calculated under the lodestar method and assurance that documentation will be submitted with the motion for final approval allowing the court to conduct a lodestar cross-check at that time;

4. The fairness and reasonableness of reverting unclaimed amounts above the Minimum Distribution Floor to defendant's share of payroll taxes and contributions, and the remaining amount to be retained by defendant;

5. The estimated value of the payroll taxes and contributions, in both absolute and percentage terms;

6. With respect to the FLSA collective action, additional information and detail regarding the existence of a bona fide dispute (i.e., whether there are legitimate questions about the existence and extent of defendant's FLSA liability), including the basis on which defendant "denies any liability of any kind associated with the claims and allegations" and maintains that it has complied with the applicable laws in all respects (Doc. No. 19 at 10); and

7. Whether the estimated value of plaintiffs' FLSA claims includes liquidated damages. *See* 29 U.S.C. § 216(b); *Haro v. City of L.A.*, 745 F.3d 1249, 1259 (9th Cir. 2014) ("Double damages are the norm; single damages the exception [for FLSA claims].").

8. Additional documentation indicating whether plaintiffs' counsel and their firm have any conflicts of interest in this case;

9. Additional documentation indicating whether a copy of the proposed settlement was submitted to the California Labor and Workforce Development Agency ("LWDA"). *See* Cal. Lab. Code § 2699(l)(2); *Haralson v. U.S. Aviation Servs.*

*Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019) (noting proposed settlement should be submitted to LWDA to allow it to comment if it so desires) (internal citations omitted).

The parties shall file a brief responsive to these issues within thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **May 5, 2020**

UNITED STATES DISTRICT JUDGE