# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERRELL, individually, and on behalf of other members of the general public similarly situated; CHERYL BAKER, individually, and on behalf of other members of the general public similarly situated ad on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>    Plaintiffs,<br><br> vs.<br><br>BUCKINGHAM PROPERTY MANAGEMENT, a California corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 1:19-cv-00332-NONE-SAB<br><br>Honorable Judge Dale A. Drozd<br>Courtroom 5<br><br>**CLASS ACTION**<br><br>[**PROPOSED**] **FINAL ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND JUDGMENT**<br><br>[Notice of Renewed Motion and Renewed Motion for Final Approval of Class and Collective Action Settlement; Declaration of Class Counsel (Joanna Ghosh); and Declaration of Settlement Administrator (Cassandra Cita) filed concurrently herewith]<br><br>Date:    November 16, 2021<br>Time:    9:30 a.m.<br>Courtroom:  5<br><br>Complaint Filed: August 8, 2014<br>FAC Filed:   March 5, 2019<br>Trial Date:   None Set |

///

///

///

///

This matter has come before the Honorable Dale A. Drozd in Courtroom 5 of the United States District Court for the Eastern District of California, Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, on Plaintiffs Kevin Ferrell and Cheryl Baker's ("Plaintiffs") Renewed Motion for Final Approval of Class and Collective Action Settlement ("Renewed Motion for Final Approval").

On July 29, 2020, the Court entered an Order Adopting Findings and Granting Plaintiffs' Motion for Conditional Certification and Preliminary Approval of Class and Collective Action Settlement (Doc. No. 28) ("Order Granting Preliminary Approval"), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the Joint Stipulation of Settlement and Release of Class, Collective, and PAGA Claims ("Agreement" or "Settlement Agreement") entered into by and between Plaintiffs and Defendant Buckingham Property Management Company ("Defendant"), which, together with the exhibits annexed thereto and Amendment No. 1 to the Settlement Agreement ("Amendment No. 1") set forth the terms and conditions for settlement of the Action ("Settlement").

Having reviewed the Settlement Agreement and Amendment No. 1 (together, "Amended Settlement Agreement"), and duly considered the parties' papers and oral argument, and good cause appearing,

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Amended Settlement Agreement and Order Granting Preliminary Approval.

2. This Court has jurisdiction over the claims of the Class Members and Proposed FLSA Collective Members asserted in this proceeding and over all parties to the Action.

3. With respect to the Class and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Plaintiffs are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient

adjudication of this controversy; and (e) the counsel of record for Plaintiffs, Lawyers *for* Justice, PC and Protection Law Group, LLP, are qualified to serve as counsel for the Class and FLSA Collective. The Class and FLSA Collective are hereby defined to include:

> All current and former Property Employees of Defendant within the State of California from August 8, 2010 to July 29, 2020 ("Settled Period"). "Property Employees" means non-exempt employees with the following job positions during the Settled Period: Area Relief Manager, Assistant Community Manager, Community Manager, Contact Assistant Manager, Grounds Keeper, Janitor, Maintenance Technician, Porter, Residential Service Coordinator, and Security.

4. The Court finds that a *bona fide* dispute between the parties exists with respect to the Fair Labor Standards Act ("FLSA"). For settlement purposes only, the Court approves the FLSA Collective.

5. The Court confirms Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC and Heather Davis and Amir Nayebdadash of Protection Law Group, LLP as counsel for the Participating Class Members and FLSA Collective Members ("Class/Collective Counsel"), and Plaintiffs Kevin Ferrell and Cheryl Baker as representatives of the Participating Class Members and FLSA Collective Members ("Class Representatives").

6. The Court finds that the Notice of Class Settlement ("Class Notice"), Notice of FLSA Collective Action ("FLSA Notice"), Class Claim Form, and FLSA Opt-In Form (together, "Notice Packet") that were provided to the Class Members and Proposed FLSA Collective Members fully and accurately informed the Class Members and Proposed FLSA Collective Members of all material elements of the Settlement, their opportunity to participate in, object to, or comment thereon, or to seek exclusion from, the settlement and resolution of Class Released Claims ("Class Settlement"), and their opportunity to participate in the FLSA Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members and Proposed FLSA Collective Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The Notice Packet fairly and adequately described the Settlement and provided Class Members and Proposed FLSA Collective Members with adequate instructions and a variety of means to obtain additional information.

7. The Court hereby grants final approval to the Settlement and finds that it is reasonable and adequate, and in the best interests of the Class and Proposed FLSA Collective Members as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class/Collective Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class/Collective Counsel. The Court has further considered the absence of any objections to the Class Settlement and requests to opt out of the Class Settlement ("Requests for Exclusion") by Class Members. Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Amended Settlement Agreement and the following terms and conditions.

8. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Class Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing. All Class Members and other persons wishing to be heard have been heard. Class Members also have had a full and fair opportunity to exclude themselves from the Class Settlement and Proposed FLSA Collective Members have had a full and fair opportunity to opt-in to the settlement and resolution of the Released FLSA Claims ("FLSA Settlement") by submitting a timely and valid FLSA Opt-In Form.

9. The Court determines that all Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator ("Participating Class Members") are bound by the Class Settlement.

10. The Court has received the Settlement Administrator's declaration which provides full and complete copies of the timely and valid FLSA Opt-In Forms received by Simpluris as proof of consent on the part of those individuals who opted-in to the FLSA Settlement and FLSA Collective. All Proposed FLSA Collective Members who submitted a

timely and valid FLSA Opt-In Form ("FLSA Collective Members"), as reflected in the Settlement Administrator's declaration, are bound by the FLSA Settlement and part of the FLSA Collective.

11. The Court finds that Class Member Julia Feagin has timely and validly opted out of the Class Settlement and will not be bound by this Final Approval Order and Judgment.

12. The Court finds that payment of Settlement Administration Costs in the amount of $16,000 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process.  It is hereby ordered that the Settlement Administrator, Simpluris, Inc., shall issue payment to itself in the amount of $16,000, in accordance with the Amended Settlement Agreement.

13. The Court finds that the allocations of $5,000 toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA), is fair, reasonable, and appropriate, and hereby approved. The Settlement Administrator shall distribute the PAGA Settlement Amount as follows: the amount of $3,750 to the California Labor and Workforce Development Agency, and the amount of $1,250 to Claimants, according to the terms set forth in the Amended Settlement Agreement.

14. The Court hereby enters Judgment by which Participating Class Members shall be conclusively determined to have given a release of any and all Class Released Claims against the Released Parties, as set forth in the Amended Settlement Agreement and Notice Packet, and all FLSA Collective Members shall be conclusively determined to have given a release of any and all FLSA Released Claims against the Released Parties, as set forth in the Amended Settlement Agreement and Notice Packet.

15. The Court has received the Settlement Administrator's declaration, which confirms that Defendant has made all payments required to fully fund the Settlement.

16. It is hereby ordered that the Settlement Administrator shall distribute Individual Class Payments to the Claimants and Individual FLSA Payments to FLSA Collective Members within ten (10) calendar days, according to the methodology and terms set forth in the Amended Settlement Agreement, of the entry of this Final Approval Order and Judgment.

17. It is ordered that any and all Individual Class Payment and Individual FLSA Payment checks issued to Claimants and FLSA Collective Members that are not cashed, deposited, or otherwise negotiated within one hundred eighty (180) calendar days from the date of their mailing will be cancelled and the funds associated with such cancelled checks will be transmitted to Legal Aid at Work.

18. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Amended Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

19. Notice of entry of this Final Approval Order and Judgment shall be given to the Class Members by posting a copy of the Final Approval Order and Judgment on Simpluris, Inc.'s website for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment. Individualized notice is not required.

IT IS SO ORDERED.

Dated: **June 28, 2022**

_____
UNITED STATES DISTRICT JUDGE